JESSE A. HOLTON & others *vs.* AMERICAN PASTRY PRODUCTS CORPORATION.

Middlesex.    November 5, 1930. — January 28, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Municipal or District Court*, Rules. *Practice, Civil*, Recoupment, District courts, Rules of court. *Rules of Court. Damages*, Recoupment. *Partnership*, Termination. *Attorney at Law. Evidence*, Competency.

Rule 28 of the District Courts (1922), as amended on June 20, 1929, is within the authority given to those courts by G. L. c. 218, § 43, as amended by St. 1922, c. 532, § 9; and is valid.

Under Rule 28 of the District Courts (1922), as amended on June 20, 1929, it is not open to the defendant in an action in a district court,

who did not file any request for a ruling at the trial, to argue before an appellate division upon a report by the trial judge, who found for the plaintiff, or before this court upon an appeal from an order dismissing the report, that there was not sufficient evidence at the trial to sustain the burden of proof resting upon the plaintiff.

The defendant, in an action by several attorneys at law for professional services rendered to the defendant at a time when the plaintiffs were doing business as a partnership, was not entitled to recoup damages for tortious conduct, not related to the plaintiffs' cause of action, by one of the plaintiffs after a dissolution of the partnership; and evidence of such conduct properly was excluded at the trial of the action.

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated November 25, 1929.

Material evidence at the trial in the District Court is stated in the opinion. The trial judge found for the plaintiffs in the sum of $2,027.41 and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*J. W. Gorman,* for the defendant.

*H. G. Jackson,* for the plaintiffs.

RUGG, C.J. The plaintiffs in this action seek to recover from the defendant a sum alleged to be due for legal services rendered and disbursements made on its behalf. The declaration contains one count upon an account annexed. In the answer there is pleaded general denial, payment and recoupment.

The defendant at the trial on the merits did not file any requests for rulings. The concluding part of the report, after stating the finding for the plaintiffs, continues in these words: "The defendant having duly filed his claim for report and being aggrieved by this exclusion of evidence [earlier set out in detail] and the finding for the plaintiffs, I hereby report the case to the Appellate Division for determination."

The defendant has argued at some length that there was not sufficient evidence to sustain the burden of proof resting on the plaintiffs and to support the finding in their favor. That point is not open to it. It is provided by Rule 28 of the District Courts (1922), as amended on

June 20, 1929, that "requests for rulings on any matter of law . . . shall be in writing and presented to the court before the closing arguments, unless special leave is given to present requests later . . . . A request for a ruling that upon the law and all the evidence a finding should be made for the plaintiff or defendant, as the case may be, shall contain full specifications of the grounds upon which the request is based, as precise as the nature of the case permits, and no other grounds may as of right be argued upon review." Power is conferred by G. L. c. 218, § 43, as amended by St. 1922, c. 532, § 9, upon the judges of all the district courts except the Municipal Court of the City of Boston (as to which see G. L. c. 218, § 50; c. 231, § 108) to "make and promulgate uniform rules regulating . . . the preparation and submission of reports . . . and the practice and manner of conducting business in cases which are not expressly provided for by law." The rule already quoted is within the scope of the power thus conferred. It regulates the practice and manner of conducting business in cases not expressly provided for by law. There is no express provision of law as to the presentation of requests for rulings. It was held in *Carp* v. *Kaplan,* 251 Mass. 225, that Rule 44 of the Superior Court (1923) was valid, to the effect that the "question whether the court should order a verdict must be raised by a motion" and not by "a request for instructions to the jury." Rule 28 as amended, already quoted, falls within the same principle. The rule is in the interests of fairness, both to the court and to opposing counsel. In the absence of a rule, upon the refusal of such a request for a finding as matter of law, if the judge does not ask the requesting counsel to point out more particularly the propositions of law upon which he relies, it is possible to raise in an appellate court any question of law actually involved, though not referred to or even thought of by the judge or counsel at the trial. *Parrot* v. *Mexican Central Railway,* 207 Mass. 184, 190. *Proctor* v. *Dillon,* 235 Mass. 538, 540. It is fairer to the court and to the opponent to state the grounds upon which such a motion is based.

See *United States* v. *Nixon,* 235 U. S. 231, 236.   It is also for the public interest and for the prevention of needless delays that such ground be stated.   It tends to make the trial a genuine contest on the real merits of the case and to promote careful preparation before the trial rather than ingenious afterthoughts.

The record in the case at bar is bare of anything to show compliance with said Rule 28 as amended.   There was no request for a ruling in favor of the defendant on all the evidence.   Under a rule of that tenor a party can put himself in position to argue that a finding ought to be directed in his favor as matter of law only by first filing a request for a ruling to that effect with specification of the grounds as full as the nature of the case permits.

If, however, this branch of the case be considered on the assumption that appropriate request for ruling was seasonably filed, the defendant shows no error.   There was ample evidence, which need not be narrated or summarized, to warrant a finding that a contract was made between the parties upon a legally sufficient consideration; that pursuant thereto services were rendered and disbursements made as alleged, and that the amount specified was due to the plaintiffs from the defendant.

The plaintiffs were attorneys at law associated as copartners for the practice of their profession.   The services were rendered and disbursement made on behalf of the defendant during January and February, 1929.   The partnership came to an end on February 28, 1929.   The defendant offered evidence under its answer in recoupment tending to show that Cole, one of the plaintiffs, after the termination of the partnership had prepared to send out announcements that he was familiar with patents relating to the defendant's product; that the defendant instituted litigation against Cole and procured an injunction against him from interfering with the property and business of the defendant, and that in a suit touching the dissolution of the copartnership between the plaintiffs a final decree was entered restraining the plaintiff Cole from

acting as counsel for any person, corporation or firm with whom the defendant was in litigation during the continuance of the copartnership between the plaintiffs. It is enough to say that evidence contained in these offers of proof in its aspect most favorable to the defendant would support a finding of some damage to the defendant from tortious conduct of Cole subsequent to the termination of the copartnership. Such conduct was not connected with the services and disbursements sought to be recovered by the plaintiffs in this action.

These offers of proof were excluded rightly. The doctrine of recoupment is not applicable to the facts thus shown. It does not authorize the setting off of claims arising out of separate and independent transactions but authorizes only those which spring from the same subject matter, and it must concern the same parties. The acts of Cole of which complaint is made occurred after the dissolution of the partnership. They were not done in the course of and within the scope of the business of the partnership, and the other partners were not responsible or legally liable for those acts. Plainly as to the matters here in issue there is no ground for recoupment under settled principles. *Austin* v. *Foster,* 9 Pick. 341. *Sawyer* v. *Wiswell,* 9 Allen, 39, 42. *Home Savings Bank* v. *Boston,* 131 Mass. 277, 280. *Brighton Five Cents Savings Bank* v. *Sawyer,* 132 Mass. 185. *Teague* v. *Martin,* 228 Mass. 458.

Cole was a necessary party plaintiff in the present action because it was brought to collect a contract obligation due to the partnership. That does not warrant the recoupment of claims by the defendant against Cole arising out of independent matters subsequent to the end of the partnership.

*Order dismissing report affirmed.*