## FRANCES CASTANO *vs.* CARMINE LEONE.

Middlesex.    March 9, 1932. — March 14, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Requests for rulings, Requests for findings, Findings by judge. *Evidence,* Presumptions and burden of proof. *Negligence,* Motor vehicle.

At the hearing in a district court of an action of tort against the operator of an automobile for personal injuries sustained by a girl four and one half years of age who, with her mother and two other children, had been riding as a guest in the automobile and who, after the defendant had stopped at her home and the guests had disembarked to a sidewalk on the right side of the automobile, had remained behind her mother and had gone to the left side of the automobile where her finger was caught in a door as the defendant closed it, there was evidence that the defendant, while he knew that the children were playing around the automobile, paid no attention to them because his attention was upon a tire which was flat. The defendant made what were called in the record "requests for rulings," one of which was, "The defendant was not guilty of ordinary negligence in causing the injuries complained of." The judge granted such "request" and found for the defendant. A report was dismissed by the Appellate Division and the plaintiff appealed. *Held,* that

(1) The mere circumstance that the request was described with others under a general heading, "requests for rulings," did not transform it into a request for a ruling of law; its nature must be determined from its essentials and not from its name;

(2) Fairly interpreted, the request was for a finding of fact;

(3) The judge was not obliged to find as a fact that the defendant was negligent;

(4) The finding that the defendant was not negligent could not be pronounced unsupported by the evidence and must be accepted as final.

TORT. Writ in the Second District Court of Eastern Middlesex dated October 8, 1930.

In the District Court, the case was heard by *Connolly,* J. Material evidence before him and findings made by him are described in the opinion. There was a finding for the defendant, and a report to the Appellate Division for the Northern District was ordered dismissed. The plaintiff appealed.

The case was submitted on briefs.

*D. Flower*, for the plaintiff.

*R. J. Dunn, G. W. Roberts & J. F. Lawton*, for the defendant.

RUGG, C.J. This is an action of tort whereby compensation is sought by the plaintiff for personal injuries alleged to have been received through the negligence of the defendant. The plaintiff's mother with three children, the eldest being the plaintiff, four and one half years old, was invited by the defendant to ride in his automobile. After going a short distance one of the tires on his automobile became flat. The defendant returned immediately to the house of the plaintiff's mother and stopped his automobile on the right side of the street next to the sidewalk. The plaintiff's mother with her three children got out of the automobile through the right hand door. The plaintiff's mother testified that she started up the walk toward her house with one of her children, five months old, in her arms, that the next child, three years old, was "coming up . . . Frances was running around." The defendant alighted from his automobile through the left hand door and went to the front. He testified that he examined the flat tire, then returned, getting into his automobile through the left doorway. After entering, without looking in the direction of the left door, he closed it, not knowing where the child was; "he knew the children were playing around the car, but paid no attention to them because his mind was on the flat tire." The plaintiff's hand was caught in the hinge of the door and the top of the little finger on her left hand was injured.

At the close of the evidence the defendant made what are termed in the report "requests for rulings." These were eight in number. The trial judge granted the sixth request which was in these words: "The defendant was not guilty of ordinary negligence in causing the injuries complained of." The form of this request imports that it was directed to a finding of fact. It was not phrased in appropriate words to express a request for a ruling of law. If that had been intended, the natural expression and the established practice would have been to ask for a ruling to the effect that the evidence would not warrant a finding of negligence

in causing the injury to the plaintiff. The trial judge in a case like the present where there is no jury acts in a dual capacity. He must lay down correctly the pertinent rules of law for his own guidance; and having done that he must follow those rules in making the findings of material facts upon the evidence. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18. Rule 28 of the District Courts (1922) as amended on June 20, 1929, shows a plain purpose to require such specification in requests for rulings of law as to disclose definite and unambiguous propositions of law as applied to the evidence. *Holton* v. *American Pastry Products Corp.* 274 Mass. 268. Although the trial judge could not have been compelled to make findings of fact in writing, requests to that end are not infrequent. *Maglio* v. *Lane*, 268 Mass. 135. Often it is desirable for information of parties and for presenting the real issues of law for review that findings of fact be made. In the case at bar it might have been important to ascertain whether the trial judge found as a fact that the defendant was or was not negligent and also whether the mother of the plaintiff failed in her duty of care. A request was directed to that point also. The mere circumstance that this was described with others under a general heading, "requests for rulings" does not transform it into a request for a ruling of law. Its nature must be determined from its essentials and not from its name. *White* v. *E. T. Slattery Co.* 236 Mass. 28, 31. *DiRuscio* v. *Popoli*, 269 Mass. 482, 486. Fairly interpreted this was a request for a finding of fact.

The trial judge was not obliged to find as a fact that the defendant was negligent. The burden of proof of establishing the negligence of the defendant rested on the plaintiff. Although the defendant knew that the plaintiff was playing about his automobile, there is nothing to indicate that she had been upon its left side or that she was near the door or that she could have been seen by the defendant. It is rarely that a finding of negligence as a fact can be required as matter of right. Commonly it must be determined as a matter of fact upon a consideration of all the evidence. The case at bar falls within the

general rule. *McDonough* v. *Metropolitan Life Ins. Co.*
228 Mass. 450, 452. *Morrissey* v. *Connecticut Valley Street
Railway*, 233 Mass. 554, 556. *Winchester* v. *Missin, ante*,
427. The finding that the defendant was not negligent
cannot be pronounced unsupported by evidence and must
be accepted as final. *Loanes* v. *Gast*, 216 ,Mass. 197, 199.
It is unnecessary to determine whether a finding of negli-
gence on the part of the defendant would have been war-
ranted. See *Dowd* v. *Tighe*, 209 Mass. 464; *Tenney* v.
*Reed*, 262 Mass. 335; *Slora* v. *Streeter & Sons Co.* 264
Mass. 586.

Other requests need not be considered since this finding
of fact is decisive against the plaintiff.

*Order dismissing report affirmed.*