Jones, P. J.
This is an action of tort, in which the plaintiff seeks to recover for personal injuries sustained tin the evening of April 21, 1935, while she was allegedly entering an automobile owned by the defendant. The report contains all the evidence material to the issue.
At the request of the defendant the trial judge ruled that at the time of the accident the plaintiff was a guest, and could only recover if she proved that the defendant was guilty of gross negligence. The.court refused to rule, at the defendant’s request (4), — There is no evidence to justify a finding that the defendant was guilty of gross negligence, and made the following finding: — “Plaintiff, an elderly woman, a guest of the defendant was in the act of entering an automobile operated by the defendant. Plaintiff had one foot on the running board and the other foot on or near the ground when the defendant so negligently started the ear that the plaintiff was thrown off and injured. Defendant was guilty of gross negligence.”
The finding by the court that the plaintiff'was a guest of the defendant is the law of the case and it cannot now be contended otherwise by the plaintiff. Beacon Mfg. Co. v. Barnard Mfg. Co., 261 Mass. 397, 401.
Defendant’s request (4) was properly phrased to question as a matter of law if the evidence warrants a finding of gross negligence. Castano v. Leone, 278 Mass. 429.
It. is enough if the combination of all the circumstances warrants the finding of gross negligence. Lefeave v. Ascher, Mass. Adv. Shts. (1935) 2361. Cini v. Romeo, Mass. Adv. Shts. (1935) 1190. Jones v. Melvin, Mass. Adv. Shts. (1936) 21, 23 and cases there cited. McKenna v. Smith, 275 Mass. 149, 153.
*82 The evidence must be considered in its aspect most favorable to the prevailing party. Shea v. American Hide & Leather Co., 221 Mass. 282, 283. Karjavainen v. Buswell, Mass. Adv. Shts. (1935) 445, 446. And the credibility of the witnesses was a question of fact. Kirkland v. Lawrence, Mass. Adv. Shts. (1935 ) 2383.
It can be found from the defendant’s testimony that the defendant parked his automobile on the left hand side of the street on a steep hill; that he set the emergency brake and left the car in gear; that he and the plaintiff, who was his wife’s aunt and eighty-four years of age, came out of the house; that he boarded the automobile, which was a sedan, by the left front door; that plaintiff walked around the automobile, opened the front right hand door, had hold of both sides of the door, with one foot on the running board, and was pulling herself into the automobile, when he put the automobile in neutral; that while the plaintiff was in this position she fell and broke her arm. There is no evidence up to this point that warrants a finding that the car was in motion at the time plaintiff stepped on to the running board.
The plaintiff did not testify. She was unable to be in court, but it does not appear that her inability to attend court arose from her alleged injuries; neither is there anything in the report as to her physical condition, other than that she is eighty-four years of age. The mere fact of her age does not justify a finding, in the absence of evidence, that she was in an enfeebled condition.
The evidence is very meagre.. In addition to the above stated evidence a witness for the defendant testified that the car did not move while the plaintiff was attempting to enter it and that she in getting on to the car fell toward the back of the ear. Even this evidence of the boy as to the *83 absence of the motion of the defendant’s car might be disbelieved by the trial judge, yet there would still be'no basis in the evidence from which to infer that the car did move while the plaintiff was attempting to enter.
The only evidence in the case that possibly tends to show any motion of the car is an interrogatory put to the defendant and his answer to the same. While the report does not show that this question and answer was offered in evidence, yet the report states that said question and answer was referred to and the defendant made an explanation of it. This method of treating the interrogatory and answer had the effect of putting it in evidence. Freeman v. United Fruit Co., 223 Mass. 300, 304, and its probative force therefore becomes a matter for consideration. The interrogatory is, “Please state the distance in feet that said motor vehicle traveled before it came to a stop after being set in motion, as described in the plaintiff’s declaration”. (How it was described in plaintiff’s declaration does not appear in the report.) The answer to this interrogatory is “about two or three inches if at all”. This answer is to be considered in connection with the defendant’s explanation of it on cross examination to the effect that he always stopped his car at this place, which was on a grade, by shutting off the engine and stopping the car by the compression; that he then pulled up the emergency brake, leaving the car still in gear; that he felt that possibly a car might move ahead two or three inches if the clutch was out or if the car was taken out of gear; that he had tried this several times and the car did not move, and he was sure that the car did not move at the time of the plaintiff’s accident. We do not see how any finding of gross negligence can be warranted upon this evidence.
*84 Gross negligence has been repeatedly defined in the decisions of the Commonwealth. In Altman v. Aronson, 231 Mass. 588, it is said:—
“It amounts to indifference to present legal duty and to utter forgetfulness of legal obligation so far as other persons may be affected.”
Roiko v. Aijala, Mass. Adv. Shts. (1936) 173, 179. And in Curtis v. Comerford, 283 Mass. 589, 591, where it was said:—
“Gross negligence as defined without the exactness of a mathematical demonstration in Altman v. Aronson, 231 Mass. 588, 591, 593, see Learned v. Hawthorne, 269 Mass. 554, 560, 562, Cook v. Cole, 273 Mass. 557, 561 is distinguished from ordinary negligence in that it is different in degree and not in kind. It is a heedless and palpable violation of legal duty respecting the rights of others which amounts to indifference to present legal duty and to utter forgetfulness of legal obligation so far as other persons may be affected; the element of culpability which characterizes all negligence is magnified to a high degree as compared with that present in ordinary negligence, and is a manifestly smaller amount of watchfulness and circumspection than the circumstances required of a person of ordinary prudence.”
It has also been said, see Jones v. Melvin, Mass. Adv. Shts. (1936) 21, 23
“It is not necessary in order properly to reach the conclusion that a defendant’s conduct was so regardless of the rights of a plaintiff as to amount to gross ' negligence, that any single circumstance appearing •should afford the basis for such -conclusion. It is enough if a combination of circumstances warrants the finding of gross negligence.”
LeFeave v. Ascher, Mass. Adv. Shts. (1935) 2361.
Cini v. Romeo, Mass. Adv. Shts. (1935) 1197.
McKenna v. Smith, 275 Mass. 149, 153.
*85 We are of the opinion that the evidence in the case does not warrant the finding that the defendant was guilty of gross negligence. No one of the facts described in the report “or any combination of them showed a reckless disregard of a plain duty to the public or a heedless and palpable violation of legal duty to the plaintiff”. McKenna v. Smith, 275 Mass. 149, 153.
order will be entered vacating thé finding for plaintiff and judgment ordered for defendant.