Hibbard, P. J.
The plaintiff brings an action of tort seeking to recover for damage to her property. The declaration alleges in substance that the plaintiff is the owner of certain property on Orne Street in the City of Worcester; that the defendant was the operator of an automobile and *231 parked the same on said Orne Street on a grade above the premises of the plaintiff; that because of some defect or want of repair or negligence of the defendant in failing to properly set the brakes and take certain precautions the automobile rolled down said grade, crashed into the premises of the plaintiff and did a great amount of damage.
The answer is a general denial with a plea of contributory negligence and an additional plea that the motor vehicle was not then being operated by or under the control of a person for whose conduct the defendant was legally responsible. Except as hereinafter noted, the evidence was from the defendant himself and is set forth in the report as follows:
“That the plaintiff and defendant both lived on the northerly side of Orne Street in the City and County of Worcester; that Orne Street is located on the side of Lincoln Hill, runs in an easterly direction from Lincoln Street at the base thereof, up past the premises of both parties, and over said hill; that the plaintiff’s premises are numbered 17 on said Orne Street, and the defendant’s residence is numbered 31; that the plaintiff’s premises are located about 300 feet westerly or farther down grade from the defendant’s residence, and at a considerably lower level; that the portion of Orne Street between the premises of the parties is straight, but constitutes a very steep grade, the plaintiff’s premises being on the lower and the defendant’s the higher level; that on the night of November 15, 1935, he, the defendant, was the operator of a Stutz Cabriolet automobile, registration #324420, owned by his wife, Sophie Sherman, of the same address; that the night was clear but a light snow had fallen, and that road was icy under a light cover of snow; that at about eleven o’clock P. M. of the said November 15th, he, the said defendant, drove the said car up Orne Street from Lincoln Street, turned the car around, and parked it in neutral gear at the northerly side of Orne Street in front of his residence, #31, on a down grade and headed in the direction of the plaintiff’s premises below; that he turned the wheels towards the sidewalk on the right, set the *232 brakes, locked the transmission, removed the keys, locked one door but not the other, and then went into the house; that about one-half hour thereafter in response to a telephone call, he went down to the plaintiff’s premises and found the said automobile on the plaintiff’s front lawn at 17 Orne Street in contact with the plaintiff’s house; that he observed damage to both the ■plaintiff’s premises and said automobile resulting from the force of collision; that examination of highway disclosed one set of wheel tracks leading from place of parking said car to scene of collision, and that said tracks led out from place of parking to center of highway, down said highway a distance of about 70- feet, then to northerly gutter, and from there along northerly side of Orne Street to the plaintiff’s premises; that there were no other tracks of vehicles in the highway whatsoever; the defendant further testified that the said automobile was equipped with the usual foot and hand brakes, and could be fully steered though transmission was locked. The defendant further testified that the gears of transmission were broken which indicated to him someone tried to force the gears because only, the rear wheels apparently were locked from marks on the road. The transmission case as well was broken, and lock on transmission smashed.”
A disinterested person testified that the automobile rolled down Orne Street in the middle of the road and collided with the plaintiff’s premises but this witness was unable to say whether the car was occupied or operated by any person.
The plaintiff seasonably filed the following requests for rulings:
“1. The unexplained automatic starting of the automobile from a state of rest into motion, when according to its mechanical construction it ought to remain still, is evidence not -only of some defect or want of repair in the vehicle, but also of negligence in failing to discover and remedy such defect or want of repair, even though the details of such defect or want of repair may *233 not be shown by the evidence. Glaser vs. Schroeder, 269 Mass. @ 339.
2. The doctrine of res ipso loquitur is applicable to the unexplained starting of an automobile when parked and left alone. Glaser vs. Schroeder @ 339.
3. The evidence warrants a finding of negligence on the part of the defendant, and a finding that the accident would not have happened unless there was some fault on the part of the defendant who left the automobile,, in failing to set the brake sufficiently tight, or to block the automobile or to rest it against the curb or to chain its wheels or to stop its engine or in some other particulars to take precautions essential to its security and permanence in position. Glaser vs. Schroeder, supra @ 339.
4. The plaintiff is not required to introduce evidence of specific negligence of the defendant where the evidence points to carelessness of the defendant as the rational explanation of the accident. Glaser vs. Schroeder, supra — bottom page 340.
5. There is evidence to warrant the Court finding for the plaintiff.”
The Court allowed the first and second requests, refused the third with no statement, refused the fourth with the notation thereon “Refused as I do not find facts on which same is based” and refused the fifth with the notation “Refused as immaterial as I find for the defendant.”
The Court found generally for the defendant without any special finding of fact. The plaintiff claimed a report.
- As both parties have briefed and argued from the decision in Glaser vs. Schroeder, 269 Mass. 337, it should be said that the facts in that case were materially different from those in the instant action. These facts briefly stated are that the defendant parked a car facing up hill with its rear wheels a little distance from the curb and its front wheels turned toward the curb; that he stopped the engine, threw the gears into neutral, set the emergency brake and left the automobile without its wheels being chained to *234 gether or to any other part of the machine; that before he returned, his sister and a friend seated themselves in the rear part of the automobile. Shortly thereafter the automobile rolled backwards down the street and collided with a store belonging to the plaintiff. There was no evidence that any one touched the brake in the defendant’s absence nor did it appear whether the brake was on or off when he returned. The Trial Judge found for the plaintiff and the Supreme Judicial Court held that the doctrine of res ipso loquitur was applicable, that the plaintiff was not required to introduce evidence of specific negligence on the part of the defendant and the finding for the plaintiff was warranted.
In the instant action it could have been found that the car was parked down hill, that the grade was very steep, that the night was clear but a light snow had fallen and the road was icy; that the car was parked in neutral gear with the wheels toward the sidewalk on the right, the brakes set, the transmission locked, the keys removed and one door but not the other locked; that the defendant after being absent about one-half hour was called and found the automobile on the plaintiff’s front lawn in contact with the house; that an examination of the highway disclosed one set of wheel tracks leading from the place of parking to the scene of the collision; that these tracks led from, the place of parking to the center of the highway; then down the highway a distance of seventy feet, then to the northerly gutter, from thence along the northerly side of Orne Street to the plaintiff’s premises, and further that there were no other tracks of vehicles in the highway; that there was evidence that the car was equipped with the usual brakes, that it could be steered although the transmission was locked and that the gears were broken.
*235 As the Court allowed the first and second of the requested rulings we are not concerned with them except as they are related to the remaining requests and to the finding.
The Trial Court denied the third requested ruling. This ruling is not aptly phrased. The plaintiff argued that this was not a request for a ruling that as a matter of law the defendant was negligent but rather that the evidence was ■sufficient to justify a finding of negligence on the part of the defendant. The language is “The evidence warrants a finding of negligence on the part of the defendant and a finding that the accident would not have happened,” etc.
The plaintiff finds support for the ruling in Glaser vs. Schroeder, supra @ 339. The defendant on the contrary argues that this as well as request numbered 5 fairly interpreted are requests for findings of fact and that the Trial Judge was therefore not required to rule thereon citing Castano vs. Leone, 278 Mass. 429. He also argues that a request to the effect that “the evidence warrants a finding” is a general request and upon all the evidence becomes immaterial upon a general finding for one party or the other if the evidence is sufficient to warrant the general finding made by the Trial Judge and cites Patterson vs. Ciborowski, 277 Mass. 267 as authority. It must be borne in mind that the Patterson case called for the interpretation of the action of the Trial Judge through a review of the finding and decision as a whole.
Tn determining which contention is correct we are confronted with the fact that the first requested ruling is in the following language:
“The unexplained automatic starting of the automobile.”
Had the plaintiff used the word “an” in place of “the” immediately preceding the word “automobile” the request *236 would clearly have presented a question of law. One must do violence to the English language to interpret the language of the request as other than applicable solely to the automobile in question. This violence is not justified unless it clearly appears from a complete review that the intention of the plaintiff was to use the word “the” with the meaning of “an”. Our difficulty is greatly increased from the fact that the Trial Court made no finding of facts. It has been repeatedly held that in fairness to the parties the Trial Judges should assign reasons for denial of requests as well as make findings of fact so that it may clearly appear what facts were found and that the correct principles of law have been applied.
Even if we hold that the first request was intended to be interpreted as a general statement of law and therefore there was no inconsistency between its allowance and the denial of the third we are confronted with the fact that a reasonable interpretation of the latter would seem to require that it should have been given. In the case of Bresnick vs. Heath, 1935 A. S. 2297, 2301, the seventh of the plaintiff’s requests read as follows :
“There is evidence to warrant the Court to find for the plaintiff.”
The Court in discussing its denial used the following language :
“The denial of request 7 involved a ruling as a matter of law that there was no evidence to warrant recovery by the plaintiff. It was equivalent to a ruling as a matter of law either that the defendant was not negligent or that the sole cause of damage to the plaintiff was the negligence of the bailee of his automobile. It was not a request that as a matter of law the plaintiff was entitled to recover. This was error. The record is not fairly susceptible of the construction that this request was denied because rendered immaterial by *237 findings of fact made by the Trial Judge. No findings of fact are recited. It would have been simple for the Trial Judge to have made a statement that the defendant was found free from negligence as a matter of fact as the ground for denial of this request or that the request had become immaterial because of a finding in favor of the defendant on the facts . . . that course was not pursued. It cannot be said that this was harmless error . . . The plaintiff was seeking a ruling that there was evidence sufficient to justify a finding in his favor. He was entitled to that ruling or to a statement of findings of fact showing that the requested ruling had become irrelevant. ... A finding on the facts in favor of the defendant was supportable on the evidence. . . . But the record does not show that the ultimate decision may not have been due to the erroneous view ¡of law of the Trial Judge expressed by his denial of request 7. That is an error which the Court cannot correct except by reversing the decision. This Court cannot find facts in an action at law even though the evidence is reported. The case must be tried again.”
The principle thus enunciated seems to us applicable to the instant action and to require the finding of prejudicial error. In view of this fact we deem it unnecessary to consider the denial of the fourth and fifth requests or to discuss the doctrine of res ipso loquitur.