Sullivan, J.
Tbis action in tort is for injuries received, loss of time and damage to tbe clothing of tbe plaintiff, caused by a dog alleged to have been kept by the defendant on June 22,1934.
Tbe answer is a general denial and a plea of contributory negligence.
There was evidence on behalf of tbe plaintiff that while in tbe employ of tbe Town of Watertown, as a garbage collector, be was taking garbage in defendant’s yard, when be was attacked by a large mongrel dog kept by tbe defendant; that be bad seen tbe dog with tbe defendant on previous occasions and beard him call tbe dog into bis bouse; that tbe dog frequently barked at other garbage collectors; that tbe *2 plaintiff was bitten on the right leg and his clothes torn; that the defendant’s wife pulled the dog away; that at the request of his foreman he filled out a blank under the Workmen’s compensation entitled “Report of Accident”; that he requested that he be allowed his vacation at once as he was unable to work and the vacation was granted at once; that he remained out of work until July 10, 1934; that he was incapacitated for fifteen days and suffered partial disability for two more weeks; that he was given lighter work upon return to his employment.
It was admitted that the dog was licensed by the defendant and was kept on the premises where the defendant lived.
There was evidence offered by the defendant that the plaintiff irritated the dog; that the latter was not owned by him; that he lived with his family on the premises; which were owned by his wife; that the medical bills were paid by the Town of Watertown from the workmen’s compensation fund.
The plaintiff claimed that he did not know that the Doctor’s bills were paid by the Town, that he did not approve of the payments; that he did not claim, nor did he receive workmen’s compensation.
The plaintiff made the following requests for rulings:
1. From the facts: that the defendant lived with his family of which he was the head, in a one-family house; that the dog in question was kept at said house and in the lot of land appurtenant thereto; and that the said dog was licensed in the name of the defendant; there should be a finding that the defendant was a keeper of said dog.
2. The alleged defense that the plaintiff claimed and accepted workmen’s compensation should not be considered by the Court under the defendant’s answer.
3. ' The burden is on the defendant to prove by a fair preponderance of evidence as a matter of confession and avoidance that the plaintiff claimed and accepted workmen’s compensation.
*3 4. The report made by the plaintiff to the Town of Watertown relative to his injury in the form introduced in evidence is not of itself a claim for workmen’s compensation.
5. On the evidence that the plaintiff took a vacation and that the records of the Town of Watertown show that the said vacation commenced at one o ’clock in the afternoon of the day on which the plaintiff was injured, if believed by the Court, there should be a finding that the plaintiff did not intend to claim workmen’s compensation, and that the Town knew or should have known of that intent.
6. Payment by the Town of Watertown from its workmen’s compensation fund to doctors for services rendered to the plaintiff is not a bar to this action, unless the plaintiff knew that the payments were made out of the said fund.
7. Without the plaintiffs assent thereto, payment by the Town of Watertown from its workmen’s compensation fund to doctors for services rendered to the plaintiff is not a bar to this action.
8. The fact that the plaintiff took a vacation from his work while incapacitated from performing his usual work should not be considered by the Court to diminish the plaintiff’s damages for impairment of his capacity to work.
9. If the Court finds for the plaintiff, then the amount of the damages sustained should be ascertained, and damages awarded for double that amount.
The court did not pass upon the rulings, but made a finding for the defendant.
The plaintiff claims to be aggrieved by the failure of the court to pass upon his requests for rulings in writing.
Eule XXVII of the District Court Eules (1932) at Page 35 provides that, “Decisions of the trial Justice as to all requests for rulings duly filed shall be in writing and shall be included in the report as allowed or established.”
The failure of the trial court to pass upon the plaintiff’s requests for rulings must be interpreted “as meaning that *4 the requests were refused.” Hetherington & Sons v. Wm. Firth Co., 210 Mass. 8, 17.
The principle has been laid down by repeated decisions that a trial judge sitting without a jury must correctly instruct himself as to the governing rules of law and must pass upon pertinent requests for rulings of law presented to bim for this purpose in such a way as to make plain that he has not fallen into error. George W. Povey vs. Colonial Beacon Oil Co., Mass. Adv. Sh. (1936) 767, 773. John Hetherington & Sons Lt’d. v. Wm. Firth, 210 Mass. 8, 19. Castano v. Leone, 278 Mass. 429, 431.
It is apparent that if any of the plaintiff’s nine requests for rulings should have been given a new trial must be had.
A number of the requests for rulings deal with the application of the Workmen’s Compensation Act to this action and while the Trial Judge may have found the facts rendered such requests inapplicable, in the absence of a statement to that effect, we are unable to say that they were denied for that reason.
The sixth request i. e. “Payment by the Town of Water-town from its workmen’s compensation fund to doctors for services rendered to the plaintiff is not a bar to this action, unless the plaintiff knew that the payments were made out of the said fund,” is a correct statement of law and should have been given. See G. L. (Ter. Ed.) C. 152 § 23.
In view of the fact that a new trial is ordered, it becomes unnecessary to pass upon the other requests.
New trial ordered.