Wilson, J.
This was an action of tort wherein the plaintiff seeks to recover damages for injuries sustained by reason of the negligence of the defendant’s servants or agents in treating the hair of the plaintiff.
There was a finding for the plaintiff in the District Court.
*475 We take the evidence in its aspect most favorable to the prevailing party. Shea v. American Hide & Leather Co., 221 Mass. 282, 283. Karjavainen v. Buswell, 289 Mass. 419, 421.
There was evidence tending to show that the plaintiff went to the defendant’s place of business for a hair treatment; that before receiving the same, one of the defendant’s employees, hurriedly asked the plaintiff to sign a card, hereinafter described, saying, “We want names and addresses of our customers and we keep a record of names and addresses of our customers;” that the plaintiff was not given a chance to read it and signed the card without reading the same.
The card was introduced in evidence and contained the following recital:
“I the undersigned hereby agree that in consideration of the free services to be rendered to me by Hub Academy or their respective agents or students, I shall not hold either or any of them, individually or collectively, responsible for injuries that may be sustained by me in consequence of such services. ’ ’
It could have been found that the plaintiff paid to the defendant the sum of $2.20 for the treatment and that the burns and other injuries sustained by the plaintiff were the result of the negligence of the person or persons who operated the permanent wave machinery or apparatus in behalf of the defendant.
The defendant seasonably presented five requests for rulings. The trial court granted numbers 4 and 5 and denied numbers 1, 2 and 3.
The first request was properly denied. It does not contain the specification required by District Court Rules (1932) rule XXVII. Holton v. American Pastry Products Corp., 274 Mass. 268, 269. Mericatante v. Boston & Maine Railroad, Mass. Adv. Sh. (1935) at 1613, 1614.
*476 The second request was also properly denied. The degree of credibility to be attached to the statements of anybody cannot be ruled as matter of law. Murnane v. McDonald, Mass. Adv. Sh. (1936) 1073, 1075. Kirkland v. Lawrence, Mass. Adv. Sh. (1935) 2383. Comstock v. Bowles, Mass. Adv. Sh. (1936) 1781, 1784. The weight and credibility to be given to the testimony was a matter for the trial court.
The third request was properly denied for the same reason. Whether the burden of proof has been sustained presents a question of fact for the trial court. Poulos v. Labbe, Mass. Adv. Sh. (1935) 1427. Crowley v. Freeman, Mass. Adv. Sh. (1935) 1409. The trial court is not required to make findings of fact. Maglio v. Lane, 268 Mass. 135. Castano v. Leone, 278 Mass. 429, 431.
The report does not indicate whether the release was pleaded but the case proceeded upon the theory that it was relied on by the defendant as a defence to the action and at the trial the judge stated that the only question to be determined was, did the plaintiff have an opportunity to read the card or have its provisions explained to her.
The court correctly instructed himself by allowing requests 4 and 5. There is no doubt of the right of the defendant to exempt himself from liability for the negligence of himself or his servants or agents, Clark v. Ames, 267 Mass. 44, 47. Blanchette v. Union Street Railway, 248 Mass. 407, or to impose conditions and limitations upon the offer to treat the plaintiff. Kushner v. McGinnis, 289 Mass. 326, 331. Brennan v. Ocean View Amusement Co., 289 Mass. 587, 594. See also Continental Corporation v. Gowdy et al., 283 Mass. 204, 216. Bigelow, Kennard & Co. Inc. v. Boston, 254 Mass. 53. But such agreement for exemption or release of liability must have been free from fraud in its inception.
*477 The requests filed by the plaintiff and granted by the trial court, although referred to by number in the report, are not set out therein or annexed thereto. They cannot be considered by us. However, the statement of the judge at the trial indicates the issue of false representations as to the agreement or release was the basis of his decision. We, therefore, consider whether the evidence was sufficient to warrant a finding that it was obtained under such circumstances as to prevent its being a complete defence to this action.
In Fournier v. Holyoke Street Railway, 258 Mass. 257, 261, the person procuring the release said to the plaintiff, “you do not need to read it, it is only a receipt for the bookkeeper.” The Supreme Court there said:
“The motion for a directed verdict based upon the release was refused rightly, and the question of fraud in obtaining it was properly submitted to the jury.”
And in Wax v. McGrath, 255 Mass. 340, 344, where the plaintiff was told, “We want you to sign a paper if you want to get out. It is simply a paper you want to get out with your consent,” it was said:
“It was for the jury to determine whether the plaintiff voluntarily executed and delivered the release, or whether he was induced to act in the belief pressed upon him and reiterated by the officer, that unless he signed he could not regain his freedom. ... It was also for the jury to say whether the plaintiff was led to believe by the officer’s representations that the paper was only a waiver of arraignment, when it also contained a release of all civil liability.”
In the instant case it could have been found that some person in behalf of the defendant falsely represented to the plaintiff that the card was only a list of customers, that such representation was known by the representatives of the defendant to be false and was made for the pur *478 pose of obtaining the signature of the plaintiff to the release. This presented an issue of fact for the trial court in his fact finding capacity.
No prejudicial error appears from the record and the report is dismissed.