Jones, P. J.
This is an. action of tort arising out of a collision between plaintiff’s automobile and an automobile owned or operated by the Town of Winchester and operated by the defendant. As a result of the aforesaid collision said town of Winchester brought suit against the plaintiff which writ was returnable in the Fourth District Court of Eastern Middlesex. The instant case was thereafter brought and arises out of the same collision and is for personal injuries and for property damage, and the issues have been joined.
The plaintiff named herein at the time of the collision was insured both for personal injuries and property damage in the Commonwealth Mutual Liability Insurance Com- *238 pony, which, since then has been cited into receivership, and there has been and still is pending in the Supreme Judicial Court an injunction against the said town of Winchester and against all claimants having claims against persons insured in said 'company, restraining them from prosecuting any action, suit or claims against said assured, wherefore the said town of Winchester, by virtue of said injunction, is enjoined from further prosecuting its aforesaid action at law.
Upon motion to consolidate both actions the Appellate Division on June 16,1937 continued said motion for action, pending the termination of the proceedings in receivership against the said Commonwealth Mutual Liability Insurance Company.
The case before this Division now arises under denial of a motion made by the plaintiff to place the instant case- on the trial list of the court of origin for April 29, 1938. This report contains all the evidence material to the question reported. The report ends in the following language: “The plaintiff claiming to be aggrieved by the denial of said motion, I hereby report the same to the Appellate Division for determination”. This motion is in direct opposition to the order of the Appellate Division of June 16, which continued the motion for consolidation pending the termination of the proceedings against the said Commonwealth Mutual Liability Insurance Company.
Even if the motion at bar could be sustained or ought to be sustained, it could only be after the order continuing-the motion to consolidate, made by the Appellate Division June 16,1937 has been annulled or changed so as to permit the granting of the instant motion. However, this may be, reference may be had to Gr. L. Ter. Ed. c. 231, § 108, which provides that a single justice may report for deter *239 mination to the appellate division any case in which there is an agreed statement of facts or finding of the facts involving a question of law only. The motion at bar is an interlocutory motion and it becomes necessary to examine the provisions of said §108 to ascertain the power of a single justice of a district court to report such finding and this section provides that if a single justice is of opinion that it ought to be reviewed by the appellate divir sion before any further proceedings in the trial, he may report the case for that purpose to preserve the rights of the parties. Nowhere does the report state that the single justice who heard it is of opinion that his order on the motion ought to be reviewed by the appellate division before any further proceedings in the trial court and he has not reported the case for that purpose. Consequently we do not see that the plaintiff has any standing in the court on this report as not only is there a lack of a statement of the opinion of the single justice that his finding ought to be reviewed but there is also in the case a further lack of any request for a ruling by the plaintiff which is required by the rules of the district courts. As stated in Rule XXVII of the Rules of the District Courts, 1932 Ed., “all requests for rulings on any matter of law . . . shall be in writing and presented to the court before the closing arguments unless special leave is given to present such at a later date”. In the absence of such request and of such special leave, upon this ground alone, the plaintiff presents no cause for a review of the ruling complained of. In the case of Morse, Admr. v. Homer’s, 1936 Mass. Adv. Shts. 2105, it is stated, in discussing similar rules of the Municipal Court of the City of Boston and the same statute. “The statute and the rules of the Municipal Court contemplate that the basis of a report to the Appellate Division shall be requests for rulings and not motions. *240 G. L. Ter. Ed. c. 231, § 108. Rule 26 of the Municipal Court of the City of Boston, 1932.”
The record in the present case is hare of anything to show compliance with said Rule XXVII. There is no request for a ruling in favor of the plaintiff and no specification of the grounds as full as the nature of the case permits. Holton v. American Pastry Products Corp., 274 Mass. 268, 271. We, therefore, see no ground for an appeal at the present time in this case. The plaintiff’s proper action, it seems to us, would be rather a motion to vacate the motion to consolidate previously made. The trial court has full control of the conduct of the trial and full supervision of the trial lists and dockets of the court. Any motion with regard to this is addressed solely to the discretion of the trial judge and cannot be reviewed unless there is some abuse of that discretion. It may be that the motion to consolidate should be reheard and perhaps some other disposition made therein, but of this we do not say. An order will be made dismissing the report in this case.