Wilson, J.
— This is an action of tort in which the plaintiff seeks to recover damages for injuries sustained by the plaintiff and claimed to have resulted from the negligent operation of a baker’s truck by the defendant. The answer was a general denial and also alleged contributory negligence. The trial court found for the defendant.
There was evidence tending to show that the defendant stopped the truck on the left-hand side of the street, about six inches from the curb, and had taken some merchandise from the truck to a store located at that point; that when he came out of the store at a “lively gait,” he saw some children on the sidewalk, went to the rear of the truck to make sure the door was locked and then to the front of the truck, onto the driver’s seat, started the truck and drove away; that he noticed the children talking on the sidewalk but did not speak to them; that he did not hear them yelling to him until he had driven some distance, and that he *112 did not investigate to see whether children were under the truck. There was also evidence tending to show that the plaintiff, a child three years and three months of age, lived with his parents, next door to said store; that he had been playing in the yard of his home when last seen by his parents, a few minutes before the accident; that one of his shoes had been thrown under the truck and the plaintiff had attempted to get the shoe; that he was under the truck when it started, was dragged along and sustained the injuries complained of.
The plaintiff filed seventeen requests for rulings. The trial judge denied the first, second, third, eleventh, fifteenth and seventeenth, and gave all the others.
The first request was properly denied. It does not contain the specifications required by District Court Buies (1932) Bule XXVII. Holton v. American Pastry Products Corp., 274 Mass. 270. Castano v. Leone, 278 Mass. 429, 431. Mericantante v. Boston & Maine Railroad, 291 Mass. 261, 263. McGrath v. Sheehan, Mass. Adv Sh. (1936) 2429, 2430.
The plaintiff was entitled to the second ruling if upon any theory of law she was entitled to recover. Carpinella v. Whiting Milk Companies, Inc., 1 A. D. 69, 70. See Proctor v. Dillon, 235 Mass. 538, 540.
The third request was properly denied. The weight to be given to oral evidence is always for the determination of the trial judge in his fact finding capacity. Murnane v. McDonald, Mass. Adv. Sh. (1936) 1073, 1075. and see Davis v. Boston Elevated Railway, 235 Mass. 482, 501, 502. Comstock v. Bowles, Mass. Adv. Sh. (1936) 1781, 1784, and cases cited. Dolham v. Peterson, Mass. Adv. Sh. (1937) 1019, 1021.
It was a request for a finding of fact which the court was not required to give. Castano v. Leone, 278 Mass. 429, 431.
*113 The plaintiff’s fifteenth request falls within the same category.
Whether or not the defendant was negligent is usually also a question of fact for the judge in his fact finding capacity.
In Castano v. Leone, 278 Mass. 429 at page 431, it was said:
“It is rarely that a finding of negligence as a fact can ■be required as matter of right. Commonly, it must be determined as a matter of fact upon a consideration of all the evidence. ’ ’
The judge correctly instructed himself as to the obligation resting upon a child of the age of this plaintiff and also as to the duty of the custodians of such a child. See Capano, Admr. v. Melchionno, Mass. Adv. Sh. (1937) 493, 497, 498.
The court found in this connection:
“I cannot find any negligence on the part of the boy or his custodian.”
In the case of Capono, Admr. v. Melchionno, Mass. Adv. Sh. (1937) 493, a child’s hands were seen by the defendant on the tailboard of the truck and so he knew the child to be dangerously near; he knew also that the ice truck attracted children. It could also have been found that he drove upon the sidewalk where he could not rightfully drive without exercising extraordinary care for children.
In St. Pierre v. Hathaway Baking Company, Mass. Adv. Sh. (1937) 103, the driver also drove his truck upon the sidewalk, injuring a child.
In Eaton v. S. S. Pierce Co., 288 Mass. 323, the driver of the defendant’s truck drove into the driveway of the house where the plaintiff lived and in backing out injured the child.
*114 In- all'these, cases, there, was a.finding for. .the plaintiff and the defendant’s exceptions were overruled. ...
■. In O’Reilly v. Sherman, Mass. Adv. Sh. (1937) 1631, there was a finding .for the .plaintiff in the trial court which was set aside by the Supreme Judicial Court. There, the defendant had been away from, his automobile for a considerable time and when he returned there was no child in sight. The driver approached the rear, passed along the left side, entered the car on the left side, started the motor, raced it to warm it up, released the brake, caused the vehicle to move forward, when the right front wheel ran over the child.
In the instant case, the plaintiff had gone under the truck to get his shoes, which had been thrown there. The truck was parked at about six inches from the curbing. The driver was in the store, came out hurriedly, went to the rear of the truck to make sure the door was locked, and then to the front of the truck onto the driver’s seat. Although there were other children near, the defendant had no reason to expect a child would be under the truck and he started the truck without seeing the child. Ordinary care did not, in. our opinion, require the defendant to look under the truck before causing his vehicle to move forward.
It follows that the trial court was right in refusing to instruct himself as requested in the fifteenth and seventeenth requests.
The defendant also presented eight requests for rulings.
It has been said that the 'better practice is to treat requests for rulings of the prevailing party as waived. Harris v. Doane’s Inc., A. D. No. Dist. 2133.
. But where the court gave such rulings, the other party •is entitled to have those given reviewed if they contain prejudicial error. Muto v. Deslauriers., Mass. Adv. Sh. (1935) 2435, 2437.
*115 The instant case illustrates the danger of error which arises under such circumstances, for here, at the request of the defendant, the. judge gave his second request:
2. As a matter of law, there is no evidence of negligence on the part of the defendant.
and refused the third request.
3. Upon all the evidence the plaintiff is not entitled to recover.
This third request could have been refused rightly, because it did not contain the specifications required by Buie XXVII.
We are of opinion that the second request was rightly given, although from other parts of the report it would seem the trial judge dealt with the question of the defendant’s negligence as matter of fact and made his finding for the defendant in his fact finding capacity. See Pearson v. O’Connell, 291 Mass. 527, 529. Gibbons v. Denoncourt, Mass. Adv. Sh. (1937) 1087, 1095.
We are of opinion that the record does not contain sufficient evidence to warrant the trial court in finding the defendant negligent.
No prejudicial error appearing, the report is dismissed.