No. 2847         Northern         Middlesex, ss.

ROGERS                    (Louis L. Bobrick, Philip Barsh)
v. UNITED MARKETS, INC.        (Merritt J. Aldrich)
From the Third District Court of Eastern Middlesex—
Counihan, J.
Argued March 24, 1941—Opinion Filed August 8, 1941

HENCHEY, J. (Pettingell, A.P.J., & Wilson, J.)—In this action of tort, the plaintiff seeks damages for personal injuries alleged to have been caused by the defendant's negligence

in the maintenance of its premises. The defendant's answer contained a general denial and a plea of contributory negligence. The trial judge found for the plaintiff in the sum of two hundred dollars. The case comes before us on the defendant's objection to certain of the rulings of the trial judge on the defendant's requests.

On February 19, 1940, at about 1 p. m., the plaintiff entered the defendant's store, intending to purchase a loaf of bread. As she entered, the plaintiff went through two swinging doors, which she noticed were propped open at the time. After entering the store, the plaintiff decided not to buy the bread and started to leave the store. As she approached the doorway through which she had entered, the plaintiff noticed a man stooping down at the door; she then took two steps forward towards the entrance; the man who was stooping released the door, which came back and struck the plaintiff, injuring her. The man, whom the plaintiff saw stooping down at the door, wore a white coat and no hat; and the plaintiff had seen him in and about the store on previous occasions when she had visited there. After the accident the plaintiff spoke to no one at the store, but walked out and home.

The door which struck the plaintiff was a swinging door which swung both inward and outward. The plaintiff was familiar with this door.

There was no question in the record but that the defendant owned and controlled the premises on which the plaintiff was injured.

The trial judge expressly found that the plaintiff was on the premises as an invitee of the defendant and was injured as a result of the negligence of the defendant's agent. The trial judge refused to grant defendant's requests to the effect that the plaintiff was not in the exercise of due care and that the defendant was not negligent. We fail to see any reversible error on the record.

There can be no doubt as to the general principles of law governing these facts. There was no question but that the plaintiff was present on the premises as a customer. Therefore, there was a duty upon the defendant to keep the doors in a reasonably safe condition for the plaintiff's use. *Heina* v. *Broadway Fruit Market Inc.* Mass. Adv. Sh. (1939) 2111 (24 BTL 99).

However, the burden is upon the plaintiff to prove some breach of this duty on the part of the defendant or its agents. *Mahoney* v. *Great Atlantic & Pacific Tea Co.* 269 Mass. 459. The plaintiff need not point out the particular act of carelessness. *Washburn* v. *R. F. Owens Co.*, 252 Mass. 47. She need only show by the evidence a greater likelihood that her injury came from an act of negligence for which the defendant was responsible than from a cause for which the defendant was not responsible. *Agnew* v. *Franks et al.* 255 Mass. 539.

[ 91 ]

Whether or not the man fixing the door was an agent of the defendant and doing something within the scope of his duty was a question of fact. *Foley* v. *McDonald,* 283 Mass. 96. The fact that the man had no hat and wore a white coat, was fixing a door and had been seen on and about the premises on several previous occasions all warranted a finding that he was an agent of the defendant and doing something in the course of his employment. *Heina* v. *Broadway Fruit Market, Inc. supra.*

Since that is so, the remaining questions are whether or not the plaintiff was in the exercise of due care and whether or not the actions of the man at the door constituted negligence.

Generally speaking (and there seems to be no reason why the rule should not apply here), due care and negligence are questions of fact. *Castano* v. *Leone,* 278 Mass. 429; *R. D. Dunkel Inc.* v. *Barletta Co.* 302 Mass. 7. Such findings of fact are not to be reversed unless clearly erroneous. *Castano* v. *Leone,* supra. Here the trial judge has found the defendant guilty of negligence and, inferentially, the plaintiff in the exercise of due care. Certainly there is evidence to substantiate such findings. Clearly it may be negligence for a store attendant to release a swinging door while a customer is going through, without first warning the customer. We cannot see where the defendant has been injured by the rulings of the trial judge.

Report dismissed.