No. 2951 Northern Middlesex, ss.

WASCO FLASHING CO. (J. M. Rosenshine)
v. BARLEY-EARHART CORP. (George A. McLaughlin,
 (Walter H. & Charles S. McLaughlin)

From the Third District Court of Eastern Middlesex—Stone, J.

Argued June 16, 1941—Opinion filed Aug. 8, 1941

WILSON, J. (Jones, P. J., and Henchey, J.)—This is an action of contract in which the plaintiff seeks to recover the sum of $900.00, alleged to be due and payable for royalties on the manufacture of patented copper fabric flashings. The defendant's answer is a general denial and payment.

The defendant seasonably filed twelve requests for rulings. The court gave numbers 4, 5 and 9, and refused the others.

The trial court made extensive Findings of Fact and Rulings of Law which appear in the report and need not be re-repeated here.

At the argument before us, it was admitted that findings of fact made by the trial court were supportable upon the evidence, but the defendant claimed that the construction placed by said court upon paragraph 15 of the agreement between the parties was erroneous. Said paragraph is as follows:

"15. The Licensor agrees to purchase all fabric used by it in the manufacture of flashings covered by said patent exclusively from the Licensee, provided that prices, terms and conditions of the sale of said material shall be at least as favorable as the prices, terms and conditions which the Licensor can obtain from any other company or person at the time of said purchase."

Whether there was reversible error in the case at bar depends upon whether the court correctly instructed himself by giving appropriate rulings of law upon request. *Adamaitis* v. *Metropolitan Life Ins. Co.*, 295 Mass. 215. None of said requests asked the court to rule upon the sufficiency of the evidence.

The agreement introduced in the evidence, so far as here material, consists of two clauses. The performance of either of them is not in any way dependent on the performance of the other. The first is the one on which this action is based,

[ 94 ]

and is a contract to pay royalties by the defendant to the plaintiff on the manufacture of a patented product, the patent for which is owned by the plaintiff. The second is a contract for the purchase of fabrics to be used by the plaintiff in the manufacture of said patented articles; said last named clause, however, is conditional, for it is provided "that prices, terms, and conditions of the sale of said material shall be at least as favorable as prices, terms, and conditions which the licensor (plaintiff) can obtain from any other company or person at the time of said purchase."

It follows that the plaintiff while having at the time a good claim for the minimum sum fixed by the contract referred to for royalties, was only conditionally obligated to purchase from the defendant merchandise referred to in said second clause (clause 15). The condition was that prices, terms, and conditions of the sale of said material be as favorable as prices, terms, and conditions which the plaintiff could obtain elsewhere. It is argued by the defendant that there was a breach of said clause 15, in that the merchandise purchased by the plaintiff prior to Aug. 8, 1939, thereunder, was not paid for promptly, and that such failure on its part produced a breach of the entire agreement. But any claim which the defendant may have had for breach of contract prior to said Aug. 8, 1939, was fully composed and settled between the parties. Nothing was then said or done by them about the royalties becoming due in the future under the other clause in the agreement. And it must be inferred by the finding of the trial court that the controversy arose in good faith on the part of the plaintiff. Such delay in prompt payment, as any have arisen by reason of a claim made in good faith by the plaintiff, could not constitute a breach of said clause and, therefore, could not be found to be unreasonable as matter of law. Here the facts are not in dispute. What constitutes a reasonable time is a matter of law and is reviewable by us. *Bruns* v. *Jordan Marsh Co.*, Mass. Adv. Sh. (1940) 521 (24 BTL 271) and cases cited. When the defendant on Sept. 1, 1939, wrote to the plaintiff that it would no longer be willing to sell material to the plaintiff, except on a C. O. D. or sight draft basis, it was stating to the plaintiff the conditions under which it would agree to sell material to the plaintiff, the plaintiff then had the right, as reserved by it in said paragraph of the contract, to purchase such material from any other person · or company where they could obtain better terms than those stated by the defendant to the plaintiff. Whether there was a promise of prompt payment and whether such promise was an essential inducement to the defendant to enter into the contract, was matter of fact for the trial court. *Dudley* v. *Wye*, 230 Mass. 350, 356. See also *Nicholson* v. *American Hide and Leather Co.*, Mass. Adv. Sh. (1940) 1939 (26 BTL 61) and cases cited.

[ 95 ]

In our opinion the action of the trial judge in refusing the first, second, sixth and seventh requests for rulings was right and did not result in any error prejudicial to the defendant.

The third request was properly refused. It was a request for a finding of fact which the trial judge was not required to give. *Castano v. Leone,* 278 Mass. 429. It could not be ruled upon the record before us, as matter of law, that thirty days was a reasonable time for payment.

Requests numbered 8, 10 and 11 were rightly refused. It could have been found that the plaintiff could and did purchase material from others on credit, while the defendant was insisting on such purchases from it be upon a C. O. D. or sight draft basis.

Request numbered 13 was refused because it could not be found that the plaintiff purchased any fabric from other than the defendant, except upon more favorable terms than those offered by the defendant.

The trial judge found that the royalties claimed by the plaintiff were in the minimum sum provided by the contract and were due to the plaintiff.

No prejudicial error appears and the report is dismissed.