*Southern District*

## AMERICO COUTO

v.

## LAURA VIEIRA

*Nash, J.* Action of contract by writ September 8, 1952, to recover for labor and materials. The Declaration also containing a count in *quantum meruit.* The answer is a general denial, payment that the labor and materials were furnished pursuant to a special contract, and for recoupment on account of poor workmanship.

On conflicting testimony the trial judge made the following findings of fact; that the plaintiff, a carpenter, gave the defendant an estimate on paper of nine hundred and seventy-two ($972.00) dollars to add a new room to the defendant's house; that there were no written specifications; that after the work had started the defendant told the plaintiff she wanted casement windows, the plaintiff informed her they would cost more and would require heavier stock, but the defendant told him to go ahead and order them that she would pay the difference; that the estimate given the defendant was not a contract and did not contemplate installing casement windows; that the plaintiff furnished good merchantable material and performed the labor in a workmanlike manner and that the price charged was fair and current. The trial judge found for the plaintiff in the sum of one hundred forty-nine dollars and nine cents ($149.09) on the quantum meruit count of the declaration and against the defendant on her claim in recoupment. Before final arguments the plaintiff filed two requests for rulings, both of which were granted. The defendant filed no requests for rulings of law. The report is before us because the defendant says she is aggrieved at the action of the trial judge in granting one of the requests for ruling set forth herein. The report states it contains all the evidence material to the question reported.

The request for ruling the allowance of which aggrieves the defendant is as follows: "On all the evidence the plaintiff is entitled to be reimbursed for work and materials furnished to the defendant". This request in reality is a request for a finding of fact unless it be construed that on all the facts as found a finding for the plaintiff was not warranted as a matter of law. Perry v. Hanover, 314 Mass. 167, 169, 170.

There is sufficient evidence to warrant a finding in favor of the plaintiff.

Rule 27 of the District Courts (1952) purposes to require specifications of law as applied to the evidence. Holton v. American Pastry Products Corp.,

274 Mass. 268, 270, 271. Castano v. Leone 278 Mass. 429, 431.

Giving the ruling requested, if he chose to deal with it, was consistent with the trial judge's findings of fact and his findings of fact are not open to review on this report. James B. Rendle Co. v. Conley & Daggett, Inc. 313 Mass. 712; Geraci v. A. G. Tomasello & Sons, Inc. 293 Mass. 552, 554; Castano v. Leone 278 Mass. 429, 430, 431.

Here is plenty of evidence that the plaintiff performed the work in a workmanlike manner, and provided proper materials therefor at the request of the defendant and that the services and materials have not been paid for and are due to the plaintiff.

There is no prejudicial error and the report is dismissed.