*Western District*

JOHN G. CICIARELLI

and

PHILIP C. CICIARELLI, d.b.a.
J. G. and P. C. CICIARELLI
INSURANCE AGENCY ET ALS

v.

PATSY W. FULGINITI

Argued: Dec. 14, 1964—Decided: Jan. 14, 1965

*Present*: Garvey, P. J., Moore & Allen, JJ.

Case tried to *Barnes, J.* in the Central District Court of Worcester. No. 131381—63.

*Moore, J.* This is an action of contract in which the plaintiffs seek to recover $409.00 for *money had and received* by the defendant for the use of the plaintiffs. The answer consisted of a general denial and a plea of payment.

The trial judge found for the defendant after making lengthy findings of

fact in which were incorporated in some instances the reasons on which he based his findings as well as the pleadings in the case. The report in this case in which the findings are set forth would indicate that the real basis of this action is for a breach by the defendant of a written agreement signed by the parties to the action. The report does not set forth the entire written agreement or that it was made part of the declaration, but the trial judge sets forth in his report certain portions of a written agreement which he finds were part of the written agreement between the parties.

At no point in this case does it appear that the parties or the trial judge raised any question in view of the evidence as to the correctness of proceeding under a common count for *money had and received* by the defendant to the plaintiffs' use. In view of the silence of the parties on this remedial point, we will consider it waived and proceed to the substantive questions involving the interpretation and construction of the written instrument and whether there had been a modification of the original contract.

These portions of the written agreement which the trial judge found were signed by all parties and which he sets forth in his report are as follows:

"The District Manager shall be *responsible* for accounts and complete Field Progress Reports being *submitted* to the Springfield office no later than Tuesday of each

week. All Field Progress Reports, District Manager Reports and other sundry reports which might be required by the general agent must be submitted at the same time.

(a) It is understood and agreed that the District Manager, shall be *responsible* for the *supervision* of his agents' accounts, following up on unpaid cases to the extent of *seeing to it* that they are promptly remitted to the agency and *cooperating* with the agency on all matters pertaining to the agents' statements, including financing and balances of premiums due."

The above emphases were supplied by the trial judge in both his findings and report.

From the arguments, brief and requests for rulings, it would appear that the two real issues are:

1. Whether the word "responsible" in the written agreement means financially liable in the sense of the defendant guaranteeing to the plaintiffs that the event the agents didn't pay their accounts that he, the defendant, would.

2. Whether there was a binding modification of the original contract.

The plaintiffs duly filed 16 requests for rulings and claim to be aggrieved by the refusal of the court to allow the following requests:

"1. Upon the evidence as introduced a finding for the defendant is not warranted.

3. Upon all the evidence as introduced clause four of the contract, dated June 12, 1961, is ambiguous as to its intent and meaning.

4. Parole evidence is admissible to explain the significance of the terms used in the written contract.

5. Parole evidence is admissible to show the relations and methods of the parties in the light of which the written words are to be interpreted.

6. The language used in paragraph four of the writing dated June 12, 1961 is ambiguous because it does not make the intended meaning clear.

8. If the writing is ambiguous as to the meaning of the language employed or by reason of unexpressed terms, extrinsic evidence is admissible to show the meaning intended by the parties.

9. The writing may be ambiguous because the language used becomes doubtful when applied to the object referred to therein.

13. Upon all the evidence the finding should be made that the original contract of June, 1961 could be modified by the meeting and agreement of September, 1961.

14. Upon all the evidence the modification of the original contract was binding upon the parties.

15. Upon all the evidence there was suffi-

.cient consideration for the modification of the contract in September, 1961.

16. Upon all the parole evidence it is admissible to show the new agreement."

A number of the requests for rulings that were refused are directed to the application of the so-called parole evidence rule in relation to a situation where the words in a written contract are ambiguous. However, the report does not indicate that any evidence was excluded on the basis of that rule. The report makes no mention of any rulings on the admission or the exclusion of evidence. Furthermore, the trial judge finds in his special findings of fact that the language used in that portion of the agreement relied upon as the basis of this action is not ambiguous. It is not necessary to our decision that we agree with that finding, (which we do) but, it stands as a finding of fact, especially as it cannot be pronounced unsupported by evidence in the light of the words used in the portions of the contract relied upon. *Castano v. Leone,* 278 Mass. 429, 432. A finding of fact by a trial judge must stand if based on any credible evidence. *Soutier v. Kaplow,* 330 Mass. 448; *Brodeur v. Seymour,* 315 Mass. 527.

As to the other requests denied, these were directed to the question as to whether there was a modification of the original written contract. This also was a question of fact and the court specifically found that there was no modification. This should also

stand, as the Appellate Division cannot review a finding of fact unless there is no evidence to support such a finding. *Bresnick v. Heath,* 292 Mass. 293.

■ The refusal to allow request No. 1 was not error, as the trial judge made clear and definite findings rendering the request immaterial. *Bolger v. Arnot,* 344 Mass. 679.

■ The purpose of requests for rulings of law is to make certain that the trial judge has laid down correctly the pertinent rules of law involved in the case for his guidance and that he has followed them in his findings. *Castano v. Leone,* 278 Mass. 429. We feel that the trial judge in his rulings and the manner of handling the same has demonstrated that he had correctly instructed himself as to the law involved.

■ Also, the report did not follow the model report as required by Rule 28 of the District Court Rules (1952) in that there was no statement that, "This report contains all the evidence material to the question reported." This alone would be fatal to the allowance of the report. *Erwing v. Bonjorno,* 327 Mass. 516.

The denials of the plaintiffs' requests for rulings of law disclose no prejudicial errors and for that reason and the failure to follow the rule in reference to the form of the report that the order in this case should be: *Report Dismissed.*