THOMAS MERICANTANTE *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.　May 16, 1935. — June 25, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Railroad, Grade crossing.　*Evidence*, Presumptions and burden of proof.　*Practice, Civil*, Requests, rulings and instructions.

A finding that the defendant was negligent was not required as matter of law at the trial of an action against a railroad corporation for damage to a motor vehicle struck by a train on a grade crossing, even if the evidence showed that the vehicle became stuck upon the crossing during a heavy snow storm by reason of the defendant's having removed the snow on the rails but not that between the rails and that the crossing tender, who knew that the train was due at the crossing, did not proceed in the direction from which it approached to flag it.

A judge sitting without a jury ought not to refuse a requested ruling "as inapplicable to the facts found" without indicating what such facts are.

A trial judge is not required to rule on the legal effect of fragments of the evidence.

TORT. Writ in the First District Court of Eastern Middlesex dated April 17, 1934.

The action was heard in the District Court by *Brooks*, J., who found for the defendant. A report to the Appellate Division for the Northern District was ordered dismissed. The plaintiff appealed.

The plaintiff's first, second, third, and fourth requests for rulings were as follows:

"1. Upon all the evidence the plaintiff is entitled to recover.

"2. If for any reason the engineer's view of the crossing was obstructed so that he was unable to see the crossing, it was his duty to act with reasonable care and caution until he could ascertain whether he could cross same safely.

"3. If the court finds that the truck of the plaintiff was stalled on the crossing some minutes before it was struck by train of defendant corporation and that the flagman or

gateman knew that trains were due or overdue at that time, their failure to proceed in the direction of the due or overdue trains to flag the same constituted negligence on the part of the said defendant corporation, its agents or servants.

"4. If the court finds that the defendant corporation, its agents or servants allowed snow to remain on said crossing in such a manner as to impede traffic and failed to remove said snow, said failure constituted negligence on the part of the said defendant corporation, its agents or servants."

*H. P. Brown*, for the plaintiff.

*R. W. Hall*, for the defendant.

QUA, J. In the forenoon of February 20, 1934, during a severe snow storm, a heavy truck, which belonged to the plaintiff and which he was using in ploughing out streets in the city of Medford, became stuck while he was attempting to drive it over a grade crossing of the defendant. He was unable to proceed either backward or forward because of hard ridges of snow between the rails resulting from the removal by employees of the defendant, by means of shovelling and salting, of such snow as fell directly over each rail without at the same time removing to the same level the snow between the rails. While in this position, the truck was struck and damaged by a train of the defendant.

The plaintiff asserts that the defendant was negligent both in respect to the condition of the crossing and in permitting its train to strike the truck after the truck became stalled. The trial judge made a general finding for the defendant. We cannot say that this was error. Even if the judge believed that the plaintiff was in the exercise of due care, he was not obliged to find that the defendant was negligent in either respect claimed. The case was tried on oral evidence, most of which was introduced by the plaintiff. We have no means of knowing how much of it the judge believed. Even if he believed it all, having in mind the severity of the storm as described and the necessity of making all reasonable efforts to keep trains running, we cannot rule that it required a finding of negligence. It is trite to say that a ruling as matter of law that a defendant was negligent can very rarely be made in a case of this type. *Engel* v.

*Checker Taxi Co.* 275 Mass. 471, 476. *Castano* v. *Leone,* 278 Mass. 429, 431.

G. L. [Ter. Ed.] c. 160, § 103, has no bearing upon the case and if § 151 could have any bearing, which we do not decide, it could not alter the issues, and its violation, if there was any, could be no more than evidence of negligence. *Milbury* v. *Turner Centre System,* 274 Mass. 358, and cases cited.

For the reasons stated above, the plaintiff's request for ruling No. 4 could not be granted. Moreover, there was no general obligation on the part of the defendant to remove all snow from the crossing even though it might impede traffic. See *Mahoney* v. *Perreault,* 275 Mass. 251. No. 1 could not be granted, and the plaintiff cannot now argue for a finding in his favor as matter of law for the further reason that there was no compliance with Rule 27 of the District Courts (1932). *Holton* v. *American Pastry Products Corp.* 274 Mass. 268, 271. Request No. 3 was properly denied. *S. E. Rand Transportation Co.* v. *Boston & Maine Railroad,* 273 Mass. 327, 332.

As to request No. 2, the judge ruled "Denied as inapplicable to the facts found." This method of dealing with requests is not to be encouraged, where there are no specific findings of fact. It cannot be assumed that by "the facts found" the judge meant those set forth in the request itself. He may have had in mind other facts found, but not stated. This court is left with no means of knowing to what facts the judge has ruled the request is inapplicable, and the same difficulties may arise which were discussed in *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17. But in this instance, at any rate, there was no error in refusing the request. It was the engineer's duty to act with reasonable care under all circumstances, and the judge was not obliged to rule separately as to that duty under as many combinations of subsidiary facts as it might occur to the plaintiff to insert in separate requests. *Commonwealth* v. *Polian,* 288 Mass. 494, 499, and cases cited.

*Order dismissing report affirmed.*