Pettingell, J.
Action of tort growing out of a collision of automobiles in an intersection of ways. There was evidence which would warrant a finding for either party depending upon the decision of the trial judge as to the credibility of witnesses. There was evidence which would warrant a finding that the plaintiff reached the intersection first and there was evidence which would warrant a finding that he was contributorily negligent.
The defendant filed several requests for rulings which were denied but, at the oral argument, relied only on the two following, all others being waived.
*265 “5. There is sufficient evidence to warrant the Court in finding that the plaintiff was negligent.
“6. There is sufficient evidence to warrant the Court in finding that the plaintiff was contributorily negligent.”
These requests were “denied on facts as found.” The report contains no statement of- facts found. There was a finding for the plaintiff.
The testimony of the defendant that, after reaching the intersection and stopping at the stop sign, he entered the intersection and then saw the plaintiff’s automobile about thirty feet away from the intersection, travelling in the center of the road at a speed of about 30-35 miles per hour; that the plaintiff’s car did not turn to the right until just before the impact; and that after the impact it continued across the intersection, ran up over the curbing and into a telephone pole on the further side of the intersection; if believed, warranted a finding that the plaintiff entered the intersection after the defendant’s car was already in but nevertheless continued on with too much speed and without change of course and struck the defendant’s car.
If the trial judge had stated what iacts she found, or that she believed or disbelieved any indicated testimony, such action by her might have demonstrated clearly, upon the record, that there was no prejudicial error in the denial of the defendant’s requests. We have here, however, a disposition of the requests which leaves wholly to speculation and conjecture what the facts were that were found, and makes it absolutely impossible to determine that there has not been prejudicial error.
Nor can the difficulty be overcome by assuming that the only issue before the trial judge was one of credibility and that her decision must import that she believed one set of witnesses and not the other.
*266 ' The first answer to that contention is that in such a situation we are forbidden to assume anything*. The oft quoted words found in John Hetherington & Sons, Ltd. v. William Firth Co., 210 Mass. 8, at 18, 19, regarding the responsibility resting upon a trial judge in the disposition of requests for rulings, indicate definitely that the trial judge is not helped by any such presumption as exists as to findings of fact made by him. In Bresnick v. Heath, 292 Mass. 293, at 298, the Court said, “The plaintiff was seeking a ruling that there was evidence sufficient to justify a finding in his favor. He was entitled to that ruling or to a statement of findings of fact .showing that the requested ruling had become irrelevant. ’ ’ In Povey v. Colonial Beacon Oil Co., Mass. Adv. Sh. (1936) 767, at 773, the trial judge’s duty was stated in these words, “A trial judge sitting without a jury must correctly instruct himself as to the governing rules of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make plain that he has not fallen into error. ” In Commonwealth v. Hull, Mass. Adv. Sh. (1937) 15, at 23, the court defines the judge’s duty, in disposing of such requests as immaterial or inapplicable, as requiring him ‘ ‘ to make such clear and definite findings as will demonstrate the correctness of that assertion.” In other words, in disposing of such requests, the trial judge cannot be aided by any assumption or presumption; the burden is definitely upon him to make it apparent on the record that he has acted without error.
The second answer to the contention, that the issue was of necessity one of credibility only, is that that contention does not take into account the possibility that the trial judge was not applying a correct principle of law to the facts of the case. If the contention that no issue of fact other than credibility could be involved is to be controlling, then the door is forever closed and the losing party is left wholly *267 unprotected against the application by the trial judge of some erroneous principle of law.
The instant case involved a collision in an intersection of highways. The one reaching the intersection first has a statutory right of way. The trial judge may erroneously decide that because the plaintiff is found to be first in the intersection, the statutory protection envelopes him and contributory negligence on his part is not an issue. All that the trial judge has to do, if he possesses that legal vagary, is to make a mental finding of priority for the plaintiff whereupon a ruling requested, such as here, becomes, to him, immaterial and is denied as inapplicable to facts found (but not announced).
Unless there is some way of dragging into the open the mental processes of trial judges, all kinds of errors of law, however absurd and extreme, can fester and destroy, and the losing party will have no knowledge of the real ground on which he has lost his case, and no chance of attacking the error which may exist.
This method of disposing of requests for rulings by calling them immaterial because of facts found, without any announced finding of facts, has repeatedly been criticized by the Supreme Judicial Court. It was discussed first in Mericantante v. Boston & Maine Railroad, 291 Mass. 261, at 263, and was there mentioned as a method “not to be encouraged ’ ’. The court there pointed out, also, that if continued, “the same difficulties may arise which were discussed” in the Hetherington case. In Povey v. Colonial Beacon Oil Co., Mass. Adv. Sh. (1936) 767, at 773, the court said, “The method of dealing with requests for rulings adopted in the ease at bar is not to be commended.” In Commonwealth v. Hull, Mass. Adv. Sh. (1937) 15, at 23, the court said that the practice is “apparently founded upon a misreading of John Hetherington & Sons, Ltd. v. William *268 Firth Co., 210 Mass. 8, and in Freeman v. Crowell & Thurlow Inc., Mass. Adv. Sh. (1937) 307, at 310, the court said,
“The practice of denying requests for rulings because they are not applicable on the unreported facts found by the judge is unsound and should not be continued.”
In 1937, following these criticisms by the Supreme Judicial Court, the District Court Rules, 1932 Ed. were amended by adding to Rule XXVII the following:
“Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the requests are not found, the Court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed.”
We are of opinion that there was error in the disposition made of the defendant’s ruling by the trial judge, both on the ground that the action of the trial judge was in violation of the rule just quoted, and because the trial judge failed to deal with the requests in a manner which, (1) makes it “plain that he has not fallen into error”; Povey v. Colonial Beacon Oil Co., Mass. Adv. Sh. (1936) 767, at 773; or, (2) demonstrates the correctness of the trial judge’s assertion that the rulings requested were “denied on facts as found”, Commonwealth v. Hull, Mass. Adv. Sh. (1937) 15, at 23. The error, in reality, is that the trial judge has not fully borne the burden placed on her by the cited cases.
There being nothing further in the report which clears the situation, or affords a satisfactory explanation of the action of the trial judge, the error is prejudicial.
The finding for the plaintiff is to be vacated and the case is to stand for a new trial.