No. 2891          Northern          Suffolk, ss.

GIBBS                               (Archie H. Cohen)
v. SWIMAN                           (Harry C. Mamber)

From the District Court of Chelsea—Crowley, J.

Argued May 12, 1941—Opinion filed June 4, 1941

WILSON, J. (Pettingell, A. P. J., and Sullivan, J.)—This is an action of tort growing out of a collision of automobiles at intersecting streets. The declaration was in two counts; the first for personal injuries and the second for property damage. The defendant's answer was a general denial and set up the contributory negligence of the plaintiff.

The evidence viewed, as it must be, in its aspect most favorable to the plaintiff (*Karjavainen* v. *Buswell*, 289 Mass. 419; *Shea* v. *American Hide & Leather Co.*, 221 Mass. 282), tended to show that the plaintiff was driving toward "town" in the City of Revere, on Hampshire St.; that as he got into the intersection of Whittier St., he saw the defendant's automobile coming from his left, striking the left side of the plaintiff's car, causing the injuries and damages complained of. At the time of the collision the plaintiff's car was at a standstill. When the plaintiff saw the defendant's automobile approaching the intersection, it was travelling at a speed of thirty miles per hour.

The defendant seasonably filed eleven requests for rulings. Nos. 1 to 10, inclusive, were refused by the court, and No. 11 was given by the court. Some of the requests were properly refused by the trial judge because they did not contain the specifications required by Rule XXVII of the District Courts. *Duralith Corp.* v. *Leonard*, 274 Mass. 397, 400. Others called for findings of fact which the court was not obliged to make. *Castano* v. *Leone*, 278 Mass. 429.

The case at bar was a collision at intersecting streets, and it was said by Rugg, C. J., in *Barrows* v. *Checker Taxi Co.*, 278 Mass. 231, 233:

"It is familiar law that, in an action arising from a collision of automobiles at intersecting streets, negligence, due care and contributory negligence of the respective parties present questions of fact."

Whether the plaintiff maintained the burden of proof was a question of fact. *Crowley* v. *Freeman*, 291 Mass. 105.

[ 84 ]

Whether the plaintiff or defendant was guilty of negligence or negligence contributing in any way to the accident was a question of fact. *Barrows* v. *Checker Taxi Co., supra.* Whether the law of the road was violated, and if it was violated, whether such violation was a contributing cause to the accident, was a question of fact for the trial court. *Wainwright* v. *Jackson,* 291 Mass. 100. Whether the plaintiff was operating his car at a speed that was greater than reasonable and proper; or whether he was operating at a speed in excess of fifteen miles per hour when approaching the intersection; whether he slowed down at said intersection; and whether the defendant's car or the plaintiff's car arrived at the intersection first, were all questions of fact for the trial court.

There was no request calling the attention of the trial judge to the sufficiency of the evidence and that question is, therefore, not open to the defendant. *Home Savings Bank* v. *Savransky et al,* Mass. Adv. Sh. (1940) 2115 (26 BTL 111), and cases there cited.

The case does not fall within the last clause of rule XXVII which was first introduced into the District Court Rules by amendment, which became effective on October 1, 1937, because the rulings here refused were not denied because "Inconsistent with or inapplicable to the facts found." As to this method of dealing with requests, see *Mericantante* v. *Boston & Maine Railroad,* 291 Mass. 261.

The record does not indicate any error on the part of the trial court prejudicial to the rights of the defendant and the report is, therefore, dismissed.