No. 922             Southern             Norfolk, ss.

GLENNON                    (J. McDonough, R. F. Turner)
v. STEAD            (Morris Fulman, Perlman & Perlman)

From the Municipal Court of West Roxbury—MacDonnell, J.
Argued May 8, 1941—Opinion Filed June 17, 1941.

BRIGGS, J. (Sanborn, P.J., & Estes, J.)—This is an action of contract wherein the plaintiff seeks to recover under two counts—the first under an agreement to pay to the plaintiff the fair value of her services for care and household services rendered to the defendant and her husband, and second, on an account annexed alleging a balance due for work and labor performed at the defendant's request. The answer is a general denial and payment with a specific denial that the defendant entered into a contract with the plaintiff. After suit was instituted the defendant died, and her executor was admitted as a party defendant.

At the conclusion of the evidence the defendant duly made the following requests for rulings:

1. There is sufficient evidence to warrant a finding for the defendant.

3. The plaintiff is not entitled to recover on count 2 unless the court finds that she entered into an express contract with the defendant intestate for services at the rate of $21 per week.

4. There is sufficient evidence to warrant a finding that the plaintiff has been paid in full for all services rendered.

The court found for the plaintiff and denied the defendant's requests in writing as follows: (1) Denied. (3) Denied. (4) Denied, I do not so find.

Whether "I do not so find" as used in the denial of the 4th request refers to the sufficiency of the evidence or purports to mean a finding of fact that the plaintiff had not been paid in full for services rendered is not clear.

No written findings of fact were made by the court.

The first and fourth requests should have been given. There was evidence before the court which, if believed, warranted a finding for the defendant. When this ruling was requested the question of credibility was not before the court. The judge

[ 124 ]

was then to instruct himself, as jury, that such evidence existed. He should have ruled that it did. *Hillyer* v. *Dickenson,* 154 Mass. 502.

Clearly, the court also erred in not complying with Rule 27 of the Rules of the District Courts in neglecting to report the facts found, or not found, upon which the denials were based. The duties resting upon the trial court in this situation have been repeatedly decided. See *Povely* v. *Colonial Beacon Oil Co.* 294 Mass. 86; *Mericante* v. *Boston & Maine R.R. Co.* 291 Mass. 261.

We cannot say that these requests were rendered immaterial by findings of fact, since none were reported. A finding on the facts in favor of the defendant was supportable on the evidence.

The defendant was entitled to a disposition of the rulings in such a way as to make it plain that the trial court was not in error. The general finding is not sufficient under the facts shown to demonstrate this. *Bresnick* v. *Heath,* 292 Mass. 293; *Hetherington* v. *Firth,* 210 Mass. 8.

The finding for the plaintiff is to be vacated, and a new trial ordered.