Robbins, J.
This is an action of tort for personal injuries allegedly caused by the defendant’s negligent operation of a motor vehicle.
The trial court made the following
“SPECIAL FINDING OF FACT
The Court specially finds that the Plaintiff was walking across Walnut Street in a normal manner and had reached the car tracks in the center of the street when he slipped and fell flat on his stomach; it had been snowing and the surface of the street was wet; that in falling the Plaintiff struck both his knees and the pain caused thereby prevented him from immediately getting onto his feet and he slumped back again after he had raised himself on his' elbow; that while lying in this position he was struck and run over by the automobile operated by the Defendant causing him severe injuries; that the Defendant did not see the Plaintiff lying in the center of the street until he was within eight or ten feet of him and too close to avoid running into him; that there was nothing to obstruct the Defendant’s vision and the body of the Plaintiff lying in the car tracks was clearly visible to him; that in failing *162 to see the Plaintiff when he was at a sufficient distance from him so that he could have taken the necessary precautions to avoid striking him the Defendant was negligently inattentive and his negligence was a proximate cause of the severe injuries suffered by the Plaintiff beyond the slight injuries he received to his knees when he fell to the street before being run over by the Defendant’s automobile; that the Plaintiff had looked to his left and right before he attempted to cross the street but saw no vehicle approaching before he slipped and fell in the trolley tracks on the wet surface of the street; and that he was in the exercise of due care. ’ ’
At the trial the defendant made the following requests for rulings:
“1. In operating his automobile on a public highway a motorist is not bound to anticipate the happening of the unusual. 2. If the situation which confronted the defendant as he operated his automobile on Walnut Street at the time and place the accident happened was unusual and he acted under the circumstances as a reasonably prudent man would, he is not negligent even though had he acted differently he would have caused no injury to the plaintiff. 3. A finding of negligence on the part of the defendant is not warranted where there is no evidence that any act of the defendant caused injury beyond that which already had occurred. 4. If the plaintiff sustained injuries when he fell in crossing Walnut Street prior to the approach of the defendant’s motor vehicle, then such injuries are not chargeable to the defendant. 5. The burden of proof is on the plaintiff to show the particular injuries and the extent of same which he alleges are due to defendant’s negligent conduct. 6. In a sudden emergency a motorist is under a duty to exercise such care in the operation of his motor vehicle as a reasonably careful man would do under like circumstances and he is not to be held to the standard of care of a person operating an automobile in the absence of such an emergency. 7. On all the evidence introduced in this case, a verdict is warranted for the defendant. ’ *
*163 The defendant claimed to be aggrieved by the court’s action as to every one of these requests. The grievance claimed as to the first, third and sixth requests, which the court ruled to be correct statements of the law but inapplicable under the facts found, seems to be that the court should not have found the facts as it did. However, the findings of fact made by the trial court are final. If the defendant wished to raise the question of law whether a finding against him was warranted he should have requested a ruling that the evidence did not warrant a finding for the plaintiff and have asked for a report to the end. Reid vs. Doherty, 273 Mass. 388, 390, and cases cited.
Although the court granted the defendant’s fourth and fifth requests, the defendant claims to be aggrieved because if the court had followed these instructions it would have found the facts contrary to what it did find them. These two requests were made upon the theory that the plaintiff’s injuries were received when he fell, before the arrival of the defendant’s automobile on the scene. The trial court found that the severe injuries to the plaintiff were received when run over by the defendant’s automobile, and this finding is well supported by the evidence.
The defendant claims to be aggrieved by the denial of his second and seventh requests. This second request is based upon an assumption that the situation presented to . the defendant was unusual, which basis of fact was found by the court not to exist. The evidence showed a well lighted street where the defendant approached the plaintiff who lay in the street. It also showed that the defendant did not see the plaintiff until his car was within eight or ten feet of him. The only unusual circumstance was that the defendant did not see the plaintiff sooner. This, as the court rightly found, was negligence.
The denial of the seventh request presents a more troublesome question. It is very possible that the evidence *164 viewed in a manner favorable to the defendant may have warranted a finding for the defendant. The word “verdict” in the requested ruling is construed as meaning “finding.” The court denied the requested ruling on the ground that it was immaterial in view of the court’s finding for the other party. This method of dealing with requests was not to be commended. Mericantante v. Boston & Maine R. R., 291 Mass. 261 at 263. Povey v. Colonial Beacon Oil Co., 294 Mass. 86 at 93. The court might consistently have given the ruling and still found for the plaintiff. Eule 27 requires that the court, on refusing requests for rulings upon the ground that they are not in accord with facts found, shall state the facts found upon which the refusal is based, unless the same appear from special findings filed. In our opinion the special finding made in this case makes it clear that the plaintiff suffered injuries by reason of the defendant’s negligence, and that the plaintiff was in the exercise of due care. The defendant therefore was in no way harmed by the court’s ruling on his seventh request. Marquis v. Messier, 303 Mass. 553 at 556. Report dismissed.