*Northern District*

No. 5351

**JOHN WILLIAM TITUS, et al**

**v.**

**JOHN HENRY FOREMAN**

(May 17, 1960)

*Present:* Gadsby, P. J., Eno & Northrup, JJ.

Case tried to *Brooks, J.,* in the First District Court of Eastern Middlesex. No. 4613 of 1958.

*Gadsby, P. J.* This is an action of tort in which the plaintiff John William Titus seeks to recover for personal injuries and property damage to his motor vehicle, and his wife seeks to recover for personal injuries as the result of negligence because of an automobile collision. The defendant John Henry Foreman answers as follows:

1. Now comes the defendant in the above entitled action and for answer denies each and every material allegation, item, and particular in the plaintiff's writ and declaration contained.

2. And further answering, the defendant says that the injury or damage complained of was caused in whole or in part by the negligence of the plaintiff.

3. And further answering, the defendant says that at the time of the plaintiff's alleged accident, the plaintiff's motor

vehicle or the vehicle in which the plaintiff was riding was illegally registered and a trespasser on the highway.

*At the trial the evidence showed that* the plaintiff, John William Titus, on August 2, 1958, was the owner of a motor vehicle which he was operating and in which his wife was a passenger, and which motor vehicle was involved in an accident on said date at the intersection of Jackson and Center Streets, both public ways in Malden, Massachusetts. He had just taken his wife shopping and was on his way home. The evidence further disclosed that at the time of the accident, the plaintiff's automobile was registered from St. Petersburg, Florida, and that he stated in direct examination by his attorney that he lived at 206 Twentieth Street, St. Petersburg, Florida.

The evidence also disclosed that the plain·tiff, John William Titus and his wife, Lillian Titus, came to Malden, Massachusetts, from St. Petersburg, Florida, in May of 1958. That upon arriving in Malden in May, 1958, the plaintiffs rented an apartment at 112 Central Street, Malden, paying a weekly rental. That at the time of the accident in August, 1958, they still lived at 112 Central Street, Malden, and that at no time had they gone back to Florida, but from May to August, 1958, they had made visits. to Connecticut and Maine.

There was evidence that at the time of the accident the plaintiff carried insurance with the Travellers Insurance Co.

At the conclusion of the evidence and be-

fore final arguments, the defendant filed the following requests for rulings:

1. There is sufficient evidence to warrant a finding for the defendant.

2. The evidence warrants a finding that the plaintiff-operator, John William Titus, failed to stop at the STOP sign and, therefore, was negligent and the sole cause of the accident, and there should be a finding for the defendant.

3. The evidence warrants a finding that the automobile of John William Titus was illegally registered and, therefore, there should be a finding for the defendant.

The Court disallowed all the defendant's requests for rulings and made the following special findings:

"I find that the plaintiffs did stop at the STOP sign.
"I rule that the car was legally registered.
"I find that plaintiffs were in the exercise of due care.
"I find that the defendant was negligent."

And the court found for the male plaintiff in the sum of $207.00 for personal injuries and $310.50 for property damage, and for the female plaintiff in the sum of $336.38 for personal injuries.

The defendant, claimed to be aggrieved by the court's denials of his Requests, and the special findings.

This report contains all the evidence material to the determination to the issues involved.

A judge may well grant a request that the evidence "warrants" a finding for a

defendant and then decide upon a consideration of all the evidence for the plaintiff, yet it does not follow that a denial of such a request is of itself error.

The defendant, of course, is entitled to know along what lines the judge proceeded in arriving at his conclusion. Did the judge submit the crucial question of fact to himself as jury or did he decide, as a matter of law, there was nothing to submit to himself in his dual capacity as jury?

The case of *Hetherington & Sons v. Firth Company,* 210 Mass. 8 at 17, decided that it is error to rule against a request that the evidence "warranted" a finding unless the judge by a specific finding of fact has rendered the request inapplicable or inconsistent in view of the facts found. *See also Mericantante v. Boston & Maine RR,* 291 Mass. 261 at 263.

The trial judge has made specific findings of fact that the plaintiffs were in the exercise of due care; that the defendant was negligent and that the car of the plaintiff was legally registered.

It clearly appears that the decision reached by the judge was not affected by the denial of the defendant's requests. Therefore, no prejudicial error was committed. *Strong v. Haverhill Elec. Co.,* 299 Mass. 455.

The findings of fact of the trial judge are final and as was said in *Dolham v. Peterson,* 297 Mass. 479 at 481, "On appeals like the present, findings of fact made on oral evidence are not reviewable." *Engel v. Checker Taxi*

*Co.*, 275 Mass. 471; *Winchester v. Missin,* 278 Mass. 427 at 428.

An examination of the report shows no error committed by the trial judge in his disposition of requests for rulings of law. The report is therefore dismissed.

Henry Lewin of Malden, for the Plaintiffs.
George B. Rubin of Boston, for the Defendant.